# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14cv100

| | |
|---|---|
| JOHNNIE O. FORDYCE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>OCWEN LOAN SERVICING, LLC, )<br>)<br>    Defendant. )<br>_____ | MEMORANDUM AND<br>RECOMMENDATION |

Pending before the Court is Defendant's Motion to Dismiss [# 12]. Plaintiff brought this action in state court asserting various claims related to the foreclosure of her property. Defendant removed the action to this Court on the basis of diversity jurisdiction. After removing the action to this Court, Defendant moved to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6). The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 12].

**I.     Background**

Plaintiff is a resident of North Carolina. (Pl.'s Am. Compl. ¶ 1.) On July 21, 2004, Plaintiff executed a Deed of Trust as co-borrower with Richard A. Fordyce for property located at 486 Slick Fischer Road, Lake Toxaway, North Carolina. (Ex. 1 to Def.'s Mot. Dismiss.) The Deed of Trust provided Mortgage

-1-

Electronic Registration Systems, Inc. with a security interest in the Lake Toxaway property. That same day, Richard Fordyce executed a promissory note for $150,000.00. (Ex. 2 to Def.'s Mot. Dismiss.) Plaintiff did not sign the promissory note. (Id.)

Section 13 of the Deed of Trust addresses the situation where a borrower such as Plaintiff co-signs the Deed of Trust as a borrower but does not sign the promissory note:

> **13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.
> 
> Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

(Ex. 1 to Def.'s Mot. Dismiss.)

Richard Fordyce died in 2007. (Pl.'s Am. Compl. ¶ 5.) Someone informed Defendant in writing of Richard Fordyce's death shortly after he passed away. (Id. ¶ 6.) Defendant, however, did not record the Deed of Trust until October 29, 2012. (Id. ¶ 4.) Approximately a year later, Defendant filed a Notice of Foreclosure on Deed of Trust in Transylvania County, North Carolina. (Id. ¶ 12.)

Defendant contends that as a result of the death of Richard Fordyce, the promissory note was unenforceable when Defendant recorded the Deed of Trust. (Id. ¶ 5.) As a result, Defendant also contends that the Deed of Trust is not enforceable in foreclosure because the debt is not valid. (Id. ¶ 7.) Plaintiff demanded that Defendant cancel the Deed of Trust, but Defendant refused. (Id. ¶ 8.) Plaintiff then brought this action in the Superior Court of Transylvania County asserting claims for abuse of process, quiet title, and for declaratory judgment. Defendant removed the action to this Court on the basis of diversity jurisdiction and then moved to dismiss the Amended Complaint. The District Court referred the motion to this Court. Defendant's Motion to Dismiss is now before this Court for a Memorandum and Recommendation to the District Court.

**II.    Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims

state a plausible claim for relief.[1] See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief

---

[1] Once a case is removed to federal court, the Federal Rules of Civil Procedure, not the corresponding state rules, dictate the procedural requirements in a case. Fed. R. Civ. P. 81(c)(1).

that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.[2]

### III. Analysis

#### A. Slander of Title

The Amended Complaint contains three claims: (1) abuse of process; (2) quiet title; and (3) a request for a declaratory judgment. (Pl.'s Am. Compl. ¶¶ 11-21.) Plaintiff did not assert a slander of title claim in the Amended Complaint, and Defendant did not move to dismiss a slander of title claim in the Motion to Dismiss. Despite these facts, Plaintiff contends that the Court should not dismiss

---

2  In responding to the Motion to Dismiss, Plaintiff relies on the "no set of facts" legal standard as set forth in Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99 (1957). As even a cursory review of the relevant legal authority would have revealed, this is no longer the applicable legal standard in federal court. See Twombly, 550 U.S. at 560-63, 127 S. Ct. at 1968-69; see also Johnson v. Walmart Stores East, LP, No. 3:14-cv-00235-MOC, 2014 WL 3557690 (W.D.N.C. Jul. 18, 2014) (Cogburn, J.).

the Amended Complaint because Plaintiff has alleged a claim for slander of title. (Pl.'s Mem. in Opp'n to Mot. Dismiss at p. 4.) Because the Amended Complaint contains no slander of title claim, there is no claim to dismiss, and the Court disregards Plaintiff's legal argument directed at preserving a claim that was not asserted in the Amended Complaint.

### B. Abuse of Process

Count One of the Amended Complaint asserts a claim for abuse of process under North Carolina law. "Abuse of process is the misuse of legal process for an ulterior purpose. It consists in the malicious misuse or misapplication of that process *after issuance* to accomplish some purpose not warranted or commanded by the writ. It is the malicious perversion of a legally issued process whereby a result not lawfully or properly obtained under it is attended (sic) to be secured." Turner v. Thomas, 762 S.E.2d 252, 261 (N.C. Ct. App. 2014) (internal quotations and citations omitted) (emphasis in original). In order to prevail on an abuse of process claim, a plaintiff must demonstrate: (1) that the defendant had an ulterior purpose and (2) that the act in the use of the local process was not proper in the regular course of prosecuting the proceeding. Barnette v. Woody, 88 S.E.2d 223, 227-28 (N.C. 1955); Beroth Oil Co. v. Whiteheart, 618 S.E.2d 739, 747 (N.C. Ct. App. 2005); Boyter v. Moynihan, No. 3:12-cv-00586-MOC-DSC, 2013 WL

1349283, at *7 (W.D.N.C. Apr. 3, 2013) (Cogburn, J.). Both elements, however, relate to the defendant's purpose of using the process to achieve some end foreign and distinct from the end the process defendant used was designed to effect. Chidnese v. Chidnese, 708 S.E.2d 725, 734 (N.C. Ct. App. 2011); Turner, 762 S.E.2d at 262.

> The ulterior motive requirement is satisfied when the plaintiff alleges that the prior action was initiated by defendant or used by him to achieve a collateral purpose not within the normal scope of the process used. The act requirement is satisfied when the plaintiff alleges that once the prior proceedings was initiated, the defendant committed some willful act whereby he sought to use the existence of the proceeding to gain advantage of the plaintiff in respect to some collateral matter.

Chidnese, 708 S.E.2d at 734-35 (quoting Stanback v. Stanback, 254 S.E.2d 611, 625 (N.C. 1979)); see also Turner, 762 S.E.2d at 262; Erthal v. May, 736 S.E.2d 514, 523 (N.C. Ct. App. 2012).

Fatal to Plaintiff's abuse of process claim is the fact that Plaintiff fails to allege factual allegations demonstrating that Defendant utilized the foreclosure proceedings for some collateral purpose or had some ulterior motive other than foreclosing on the property. The Amended Complaint is devoid of facts that Defendant acted with ulterior purpose. Absent such factual allegations, Plaintiff's abuse of process claim is subject to dismissal. See Boyter, 2013 WL 1349283, at *8 (holding that abuse of process claim was subject to dismissal because plaintiff

failed to allege plausible facts that the defendant initiated the foreclosure proceeding for ulterior purpose); Joy v. Merscorp, Inc., 935 F. Supp. 2d 848862-63 (E.D.N.C. 2013); Hayes v. Self-Help Credit Union, No. 1:13-CV-880, 2014 WL 4198412, at *3 (M.D.N.C. Aug. 22, 2014).  Although Plaintiff contends that Defendant mat not foreclosure on the property as a result of Defendant's failure to record the Deed of Trust prior to the death of Richard Fordyce, this does not transform the ordinary and usual use of foreclosure proceedings into an abuse of process.  Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to the abuse of process claim asserted in Count One.

### C. Quiet Title and Declaratory Judgment

Count Two of the Amended Complaint asserts a claim to quiet title.  An action to quiet title is governed by N.C. Gen. Stat. § 41-10, which provides that "[a]n action may be brought by an person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims . . . ."  See also McLennan v. Josey, 758 S.E.2d 888, 890 (N.C. Ct. App. 2014).  "The beneficial purpose of this section is to free the land of the cloud resting upon it and make its title clear and indisputable, so that it may enter the channels of commerce and trade unfettered and without the handicap of suspicion."

Heath v. Turner, 308 S.E.2d 244, 247 (N.C. 1983); see also Joy, 935 F. Supp. 2d at 867.

Plaintiff contends that the Defendant's assertion of an equitable interest in the subject property pursuant to the Deed of Trust is not valid because Defendant failed to record the promissory note prior to the death of Richard Fordyce. Plaintiff, however, signed the Deed of Trust as a borrower. (Ex. 1 to Def.'s Mot. Dismiss.) By signing the Deed of Trust as a borrower but not executing the promissory note, Plaintiff granted and conveyed her interest in the property, a situation specifically addressed in the Deed of Trust. (Id. at ¶ 13.) The fact that the promissory note was not recorded until after the death of Richard Fordyce did not invalidate or extinguish the covenants contained in the Deed of Trust, which Plaintiff signed as a borrower. Defendant, therefore, is entitled to enforce its rights against Plaintiff under the Deed of Trust. See In re Manning, 747 S.E.2d 286, 291 (N.C. Ct. App. 2013).

Moreover, Plaintiff's reliance on Maples v. Horton, 80 S.E.2d 38 (N.C. 1954), is misplaced. Maples involved a married woman who joined her husband in executing deeds by releasing any inchoate right of dower in the property. Id. at 401. The Plaintiff in Maples had no title interest in the property that she could convey. Id. In contrast to the plaintiff in Maples, Plaintiff did not convey her

inchoate right of dower to the property. Rather, she signed the Deed of Trust as a borrower and conveyed her existing interest in the property. (Ex. 1 to Def.'s Mot. Dismiss.) Accordingly, the Court finds that the Amended Complaint fails to state a quiet title claim. For the same reasons Plaintiff's claim to quiet title fails, Plaintiff's claim for a declaratory judgment seeking to render the Deed of Trust unenforceable or invalid fails. The Court **RECOMMENDS** that the District Court **DISMISS** Count Two and Three.

**IV. Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 12] and **DISMISS** the Amended Complaint.

Signed: December 15, 2014

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).