UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00100-MOC-DLH

| | |
|---|---|
| **JOHNNIE O. FORDYCE,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **OCWEN LOAN SERVICING, LLC,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face

1

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

In this case, plaintiff's objection to the M&R, to wit, that the Deed of Trust did not apply to her because the property transferred to her before the instrument was recorded, is purely a legal objection, not requiring *de novo* review. Reviewing that objection, it is without legal merit as plaintiff (along with her late spouse) represented themselves as borrowers in the Deed of trust, the Deed of Trust is an enforceable contract, McIver v. Smith, 118 N.C. 73, 75 (1896), and that Deed of Trust was enforceable against her even before it was recorded. N.C.Gen.Stat. § 47-20. By signing the Deed of Trust as a borrower, but not executing the promissory note, plaintiff granted and conveyed her interest in the property, a situation specifically addressed in the Deed of Trust. Deed of Trust, at ¶ 13. The fact that the Promissory Note was not recorded until after plaintiff's spouse's death has no impact on plaintiff's obligations under the Deed of Trust or defendant's ability to enforce its rights under that instrument. In re Manning, 747 S.E.2d 286, 291 (N.C.Ct.App. 2013). The court, therefore, overrules plaintiff's objection.

After careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Objections (#16) are **OVERRULED**, the Memorandum and Recommendation (#15) is **AFFIRMED,** defendant's Motion to Dismiss (#12) is **GRANTED,** and this action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter Judgment consistent with this Order.

Signed: February 6, 2015

*[signature]*

Max O. Cogburn Jr.
United States District Judge